

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*   *412/644-3500*

January 22, 2025

Michael J. Machen, Esquire
310 Grant Street, Suite 820
Pittsburgh, PA 15219

Re: United States of America v.
Andy Ha
Criminal No. 25-19

Dear Mr. Machen:

This letter sets forth the agreement by which your client, Andy Ha, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Andy Ha and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Andy Ha will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Andy Ha, agrees to the following:

        1.    The defendant will waive prosecution by indictment and enter a plea of guilty to Counts 1 and 2 of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 25-19, charging the defendant with violating 26 U.S.C. § 7202 and 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

2. The defendant will pay restitution under 18 U.S.C. §§ 3663(a)(3) and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

   The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

3. The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

4. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 8 U.S.C. § 1324(b) and 18 U.S.C. § 981(a)(1)(C), including, but not limited to, the following: $485,476 in United States currency seized on March 17, 2024 and $473,333 in United States currency seized on February 18, 2024.

5. The defendant acknowledges that the above-described property is gross proceeds of the offense charged at Count Two and is property traceable to gross proceeds of the offense charged at Count Two.

6. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

7. If the Court imposes a fine or restitution as part of a sentence of incarceration, Andy Ha agrees to participate in the United States Bureau of

Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

8. At the time Andy Ha enters the defendant's plea of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

9. The defendant does not object to the filing of an ex parte motion by the United States seeking an Order from the District Court determining that pre-existing records and documents, created independently of the grand jury's inquiry, do not constitute grand jury material protected by Rule 6(e) of the Federal Rules of Criminal Procedure. The defendant understands and agrees that upon the issuance of such an Order by the District Court, said records and documents may be disclosed to the Examination Division of the Internal Revenue Service.

10. The defendant agrees to pay restitution to the Internal Revenue Service in the amount of $3,127,478.87, plus interest, pursuant to 18 U.S.C. § 3663(a)(3). The defendant agrees that the total amount of restitution reflected in this agreement results from defendant's criminal conduct. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

11. The total amount of restitution consists of employment tax losses for the fourth quarter of 2022 and each quarter of 2023, as follows: 2022Q4: $377,469.36; 2023Q1: $882,836.87; 2023Q2: $684,522.79; 2023Q3: $543,826.54; 2023Q4: $638,823.31, plus interest on the tax loss amounts, to be calculated by the Internal Revenue Service as of the date of sentencing. Andy Ha agrees to pay Title 26 interest on the restitution amounts; interest runs from the last date prescribed for payment of the relevant tax liability until the Internal Revenue Service receives payment in full. The government will provide an updated interest figure at sentencing.

12. The Internal Revenue Service will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Andy Ha does not have the right to challenge the amount of this restitution-based assessment. Neither the existence of a restitution payment schedule nor Andy Ha's timely payment of restitution according to that schedule will preclude the Internal Revenue Service from immediately collecting the full amount of the restitution-based assessment.

13. Andy Ha is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the Internal Revenue Service may seek additional taxes, interest, and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. Andy Ha authorizes release of information to the Internal Revenue Service for purposes of making the civil tax and restitution-based assessments.

14. Andy Ha understands that the defendant is not entitled to credit with the Internal Revenue Service for any payment made until the Internal Revenue Service receives the payment.

15. If full payment cannot be made immediately, Andy Ha agrees to make a complete and accurate financial disclosure to the Internal Revenue Service on forms prescribed by the Internal Revenue Service including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate, and to disclose to the Internal Revenue Service any and all additional financial information and financial statements provided to the probation office. Andy Ha also agrees to provide the above-described information to the probation office.

16. If Andy Ha makes a payment of the restitution agreed to in paragraph A.10 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph A.10.

17. Andy Ha agrees to send all payments made pursuant to the Court's restitution order to the Clerk of Court at the following address:

    Clerk of Court, U.S. Courthouse
    700 Grant Street
    Suite 3110, Pittsburgh, PA 15219

18. With each payment to the Clerk of Court made pursuant to the Court's restitution order, Andy Ha will provide the following information:

    (a) The defendant's name and Social Security number;

    (b) The District Court and the docket number assigned to the case;

    (c) The tax years or periods for which restitution has been ordered; and

    (d) A statement that the payment is being submitted pursuant to the District Court's restitution order.

Andy Ha agrees to include a request that the Clerk of Court send the information, along with the defendant's payment(s), to the Internal Revenue Service at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

19. Andy Ha waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

20. Andy Ha waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Andy Ha may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Andy Ha may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

21. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Andy Ha in the offenses charged in the Information and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Andy Ha and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Andy Ha as to Count One is:

   (a) A term of imprisonment of not more than 5 years;

   (b) A fine of not more than $250,000 or twice the pecuniary gain or pecuniary loss to any person other than the defendant, from the offense;

   (c) A term of supervised release of not more than 3 years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100;

   (e) Restitution under 18 U.S.C. §§ 3663(a)(3) and 3664.

2. The penalty that may be imposed upon Andy Ha as to Count Two is:

   (a) A term of imprisonment of not more than 10 years for each alien in respect to whom the violation occurred;

   (b) A fine of not more than $250,000 for each alien in respect to whom the violation occurred, or twice the pecuniary gain from the offense;

      (c)    A term of supervised release of not more than 3 years for each alien in respect to whom the violation occurred; and

      (d)    A special assessment under 18 U.S.C. § 3013 of $100.

3. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4. The Court shall determine the amount of restitution for which Andy Ha is liable and the times and terms of payment. Subject to the final authority of the Court, the parties agree to the recommendations laid out in paragraphs A.10 and A.11.

5. The parties agree that, as to Count One, a base offense level of 22 applies pursuant to U.S.S.G. §§ 2T1.6 and 2T4.1 because the loss amount is between $1.5 million and $3.5 million.

6. The parties agree that, as to Count Two, a base offense level of 12 applies pursuant to U.S.S.G. § 2L1.1(a)(3) and a 6-level enhancement applies pursuant to U.S.S.G. § 2L1.1(b)(2)(B) because Defendant harbored between 25 and 99 individuals.

7. The parties do not agree as to whether a mitigating role adjustment is appropriate in this matter pursuant to U.S.S.G. § 3B1.2 and remain free to make any argument at sentencing regarding the applicability of that provision.

8. The parties agree that the offenses in Counts One and Two do not group, and instead form two units, resulting in a 2-level enhancement to the higher offense level, pursuant to U.S.S.G. § 3D1.4.

9. The parties agree that Defendant meets the criteria listed in U.S.S.G. § 4C1.1(a)(2)-(10), and therefore is eligible for a 2-level reduction in his offense level if he has no criminal history points.

10. The aforementioned agreements between the parties regarding sentencing guidelines calculations are not binding on the Court.

11. The parties remain free to argue for any sentence, including a departure or variance from the Guidelines range.

12. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Andy Ha acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

13. This agreement does not preclude the government from pursuing any civil or administrative remedies against Andy Ha or the defendant's property.

14. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

    Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

15. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Andy Ha and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
TROY RIVETTI
Acting United States Attorney

*[signature]*
WILLIAM B. GUAPPONE
Assistant United States Attorney

Page 9

I have received this letter from my attorney, Michael J. Machen, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
ANDY HA

2/24/25
_____
Date

Witnessed by:

_____
MICHAEL J. MACHEN, ESQUIRE
Counsel for Andy Ha